SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3488 PA (FFMx) | Date | September 3, 2008 |
|---|---|---|---|
| Title | Athena Cosmetics, Inc., v. 101 Cosmetics, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Karen Park | None | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS – ORDER TO SHOW CAUSE

Before the Court is a Motion to Dismiss ("Motion") (Docket No. 15) filed by Defendants 101 Cosmetics, Inc., Xkeen, Inc., and Emil Darmo ("Defendants").  In their Motion, Defendants seek to dismiss Plaintiff's fifth cause of action for breach of contract.  Defendants argue that the alleged agreement is not enforceable as a matter of law, primarily because it is printed in small type on the back of an invoice.  Defendants also point out that the alleged agreement Plaintiff seeks to enforce contains an arbitration clause.

Section 2 of the Federal Arbitration Act ("FAA") provides that a written agreement to arbitrate in a contract involving interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  The Act governs if the underlying contract facilitates interstate commercial transactions or directly or indirectly affects commerce between states.  See Prima Paint Corp. v. Flood & Conklin Mfg., 388 U.S. 395, 401 n.7, 87 S. Ct. 1801, 1805, 18 L. Ed. 2d 1270 (1967).  "The FAA provides that any arbitration agreement within its scope 'shall be valid, irrevocable, and enforceable,' and permits a party 'aggrieved by the alleged . . . refusal of another to arbitrate' to petition any federal district court for an order compelling arbitration in the manner provided for in the agreement."  Chiron Corp. v. Ortho Diagnostic Systems, Inc., 207 F.3d 1126, 1130 (9th Cir. 2000) (quoting 9 U.S.C. § 4 (alteration in original) (citation omitted)).  "By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed."  Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218, 105 S. Ct. 1238, 1241, 84 L. Ed. 2d 158 (1985) (emphasis in original).  "The court's role under the Act is therefore limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue.  If the response is affirmative on both counts, then the [FAA] requires the court to enforce the arbitration agreement in accordance with its terms."  Chiron Corp., 207 F.3d at 1130 (citations omitted).

As the Ninth Circuit explained in Cox v. Ocean View Hotel Corp., "[t]he Supreme Court has recently clarified that contract-based challenges to the validity of arbitration agreements come in two types: '[o]ne type challenges specifically the validity of the agreement to arbitrate . . . . [and][t]he other challenges the contract as a whole, either on a ground that directly affects the entire agreement . . . or on

**SEND**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-3488 PA (FFMx) | Date | September 3, 2008 |
|---|---|---|---|
| Title | Athena Cosmetics, Inc., v. 101 Cosmetics, Inc., et al. | | |

the ground that the illegality of one of the contract's provisions renders the whole contract invalid." 533 F.3d 1114, 1119 (9th Cir. 2008) (quoting Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 444, 126 S. Ct. 1204, 1208, 163 L. Ed. 2d 1038 (2006) (alterations in original)). "Challenges to the contract's validity are considered by the arbitrator in the first instance." Id.

When a party to an agreement to arbitrate commences an action subject to an arbitration agreement, the court shall stay the action pending completion of the arbitration. 9 U.S.C. § 3 ("If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."). Alternatively, a court may dismiss an action when an arbitration provision is "broad enough to bar all of the plaintiff's claims," and it may do so on its own motion. See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir. 1988).

Accordingly, Plaintiff is ordered to show cause why this case should not be stayed or dismissed without prejudice in favor of arbitration. Plaintiff shall file a response to this Order to Show Cause no later than September 8, 2008, not to exceed ten pages. Defendants may file a reply no later than September 15, 2008, not to exceed ten pages. The hearing on the Motion previously scheduled for September 8, 2008 is taken off calendar and continued pending resolution of this Order to Show Cause.

IT IS SO ORDERED.